UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

JOSE MANUAL ALVARADO MONTES,
Petitioner,
v.
CHRISTOPHER J. LAROSE, et al.,
Respondents.

Case No.: 26-cv-4660-RSH-JAC

**ORDER DENYING PETITION FOR HABEAS CORPUS**

On August 14, 2026, petitioner Jose Manuel Alvarado Montes, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. For the reasons set forth below, the Court denies the petition.

## I. BACKGROUND

Petitioner is a native and citizen of Mexico. ECF No. 1 at 10. On or about December 21, 2017, Petitioner was admitted to the United States on an H-2B visa. ECF Nos. 1-2 at 2; 1-7 at 2. The record indicates he remained in the United States beyond the period authorized by his visa. ECF No. 1-7 at 2.

On or around April 5, 2026, police officers detained Petitioner in Orlando, Florida. ECF Nos. 1 at 11; 4-2 at 3. He was subsequently taken into custody by U.S. Immigration and Customs Enforcement ("ICE"). ECF No. 1-7 at 2.

On May 5, 2026, an immigration judge held a bond hearing and denied Petitioner's request for bond, finding that he posed a flight risk. *Id.* at 2–5. Petitioner has appealed this decision and it remains pending. ECF No. 1 at 11; 4-5 at 2–4.

On July 7, 2026, the immigration judge issued a written decision memorializing its bond ruling. ECF No. 1-7 at 4. In concluding Petitioner posed a flight risk, the immigration judge cited Petitioner's limited family and financial ties to the United States, his two arrests for driving without a valid license and other traffic citations, and the absence of any pending application for immigration relief. *Id* The immigration judge therefore was "unpersuaded" that Petitioner had "sufficient incentive to appear for future hearings" and denied bond. *Id.* On August 14, 2026, Petitioner filed the instant Petition. ECF No. 1.

## II. LEGAL STANDARD

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A prisoner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

## III. ANALYSIS

Petitioner asserts three grounds for habeas relief, arguing: (1) the immigration judge's denial of bond violated his right to due process; (2) the conditions of his confinement are unconstitutional; and (3) his warrantless arrest on April 4, 2026, violated his right to due process. ECF No. 1 at 12–22. The Court addresses each ground in turn below.

### A. Prudential Exhaustion

Petitioner first contends that the immigration judge violated his due process rights in finding that he posed a flight risk. ECF No. 1 at 12–17. Respondents contend these claims are unexhausted. ECF No. 4 at 3–4.

The Ninth Circuit "require[s], as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." *Castro-*

*Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006). A court may require prudential exhaustion when:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (quoting *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). A court may excuse prudential exhaustion, however, "if administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Hernandez*, 872 F.3d at 988 (internal quotation marks omitted).

The Ninth Circuit has applied these principles in analogous circumstances, where a noncitizen seeks habeas review of an immigration judge's adverse bond determination. *See Leonardo*, 646 F.3d at 1160 ("Here, [the petitioner] pursued habeas review of the IJ's adverse bond determination before appealing to the BIA. This short cut was improper. Leonardo should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision."). Here, Petitioner challenges to the immigration judge's characterization of the record and assessment of the relevant flight-risk factors. These are arguments to be decided in the first instance by the BIA, the administrative tribunal established to review such claims and correct any mistakes, and possessing expertise in such review.

///

Petitioner argues that requiring exhaustion would be futile in this case. ECF No. 1 at 17–19. But Petitioner's generalized allegations concerning irregularities in other bond proceedings, drawn from judicial decisions addressing those proceedings, do not establish that the BIA's review of his own bond determination would be futile. The Court declines to act as a parallel appellate administrative tribunal in addressing the merits of the claimed errors here, where doing so would effectively encourage the deliberate bypass of the administrative review process, designed to allow the agency to correct its own errors. Consistent with *Leonardo*, the Court declines to consider this challenge before the BIA has had an opportunity to address it.

**B. Conditions of Confinement**

Petitioner next contends that the conditions of his confinement are unconstitutional, alleging overcrowding, unsanitary conditions, inadequate food and medical care, and exposure to infectious diseases. ECF No. 1 at 19–22. Petitioner's allegations concerning the conditions of his confinement do not, however, provide a basis for relief in this habeas proceeding. The Ninth Circuit has "long held that prisoners may not challenge mere conditions of confinement in habeas corpus[.]" *Nettles v. Grounds*, 830 F.3d 922, 933 (9th Cir. 2016) (en banc); *see Pinson v. Carvajal*, 69 F.4th 1059, 1068–69 (9th Cir. 2023) ("[W]e have consistently applied the terms of § 2255 and § 2241 to limit claims brought under these statutory provisions to challenges to the actual execution of the sentence itself, rather than ancillary harms resulting from the conditions of confinement."); *Kalayci v. Warden, Otay Mesa Det. Ctr.*, No. 26-CV-642-BJC-BJW, 2026 WL 2076367, at *2 (S.D. Cal. July 17, 2026) ("Petitioner's allegations concerning his medical care and conditions of confinement are not proper grounds for relief pursuant to § 2241."); *Dawes v. People*, No. 19CV1921-CAB-BGS, 2019 WL 13500211, at *1 (S.D. Cal. Oct. 7, 2019) ("[G]eneral conditions of confinement claims are not cognizable under § 2241.").

**C. Arrest**

Finally, Petitioner contends that police officers in Orlando violated his right to due process right by detaining him without an arrest warrant. ECF No. 1 at 11. Respondents

have filed a report showing that Petitioner was arrested by police from the City of Winter Garden, Florida, for a motor vehicle offense on April 5, 2026. *See* ECF No. 4-2 at 3. The same day, DHS issued an administrative arrest warrant for Petitioner's immigration detention. *See* ECF No. 4-3. It is unclear precisely when Petitioner was transferred to immigration custody, but the administrative arrest warrant reflects that it was served on Petitioner on April 10, 2025. *See id.* Delay associated with serving the administrative warrant on Petitioner may warrant a bond hearing–which Petitioner has already received–but does not entitle him to immediate release in the circumstances presented here. *See Valdiviezo v. Mullin*, No. 26-CV-4371 JLS (DEB), 2026 WL 2620977, at *1 (S.D. Cal. Sept. 3, 2026) (concluding that a bond hearing was the appropriate remedy where the petitioner's arrest warrant was served four days after his arrest); *Marcelino v. LaRose*, No. 3:26-cv-04098-RBM-SBC, 2026 WL 2210910, at *2–3 (S.D. Cal. July 30, 2026) (declining to order immediate release and instead ordering a bond hearing even after assuming respondents had failed to comply with warrant requirement); *Gonzalez-Ramos v. Mullin*, No. 26-CV-3159 JLS (GC), 2026 WL 1865899, at *2 (S.D. Cal. June 29, 2026) (concluding that a bond hearing was the appropriate remedy for the petitioner's asserted warrantless detention).

## IV. CONCLUSION

For the foregoing reasons, the Petition is **DENIED**. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: September 10, 2026

Hon. Robert S. Huie
United States District Judge